No. 814

SPIEGLE v. COMM. TRAV. LIFE & ACC. ASSOC.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5633.   Decided April 20, 1925

475. ESTOPPEL—Where notice of assessments are sent to members notwithstanding amendment had been passed under which such notices were not to be sent; company is estopped from right to cease sending them, without particularly calling attention of policy holders thereto.

VICKERY, J.

H. B. Spiegle was a member of the Commercial Travelers Life & Accident Association, a mutual benefit insurance association, since 1900; and had a policy of $2000 insurance in that company. It was provided in the bylaws that the premium be paid each quarter in one month from the date of the assessment. Assessments were payable under the by-laws on the fifth day of January, April, June and October.

In 1900 the by-laws provided that notices be sent to the policy-holders informing them of the assessments accruing to be paid within 30 days after the notice. It was also provided that the by-laws might be amended and that the policy holders would be bound by the amendments. In 1921 the by-laws were amended so that the company would not have to send notices.

Notwithstanding this amendment the company continued to send out the notices as they had done prior to the amendment. Spiegle in the meantime had been receiving these notices regularly and was paid up and in good standing until Jan. 5, 1923. In April he did not receive a notice and did not pay his assessment. He received no notice in June or October when it occurred to him that he had not received any notice. He wrote to the company and was informed that he was dropped. He offered to comply with the by-laws and offered the money that was due and asked to be reinstated. He was refused re-instatement.

Spiegle brought his action in the Cuyahoga Common Pleas to compel his re-instatement in the organization. This case was heard and

appealed to the Court of Appeals, which held:

1. It is conceded in open court that if it were not for the amendment and Spiegle had not received any notice, he would be entitled to be re-instated and the company could not forfeit his policy.

2. The right of a company to change its by-laws is recognized; and had the company lived up to the amended by-law and never sent any notice it would have been within its rights.

3. By the conduct of the insurance company in sending out these notices after the amendment, they estopped themselves from claiming the right to cease sending them, without calling the attention more particularly of the members to that fact.

4. A little bad feeling on part of the representative of the Company toward Spiegle for recovering a judgment against the company under an accident policy, has an important bearing on the testimony in this case; and under the record and authorities Spiegle was entitled to be reinstated as a member of the company.

Spiegle entitled to relief prayed for.

Attorneys—Bernon, Mulligan, Keeley and LaFever for Spiegle; Tolles, Hogsett, Ginn & Morley for Company; all of Cleveland.